(136 So. 841)

## McDANIEL v. STATE.

### 8 Div. 305.

Court of Appeals of Alabama.
June 30, 1931.

Rehearing Denied Aug. 4, 1931.

S. A. Lynne, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The offense charged in the indictment against this appellant is grand larceny. The property alleged therein to be stolen was one bale of lint cotton, the personal property of Arthur Gill, of the value of $75, etc.

The corpus delicti was proven without dispute. The injured party, Gill, testified in substance that he owned a bale of cotton, and it was in his back yard, and that it was taken and removed therefrom between midnight and day, on November 2, 1929. He also testified as to its value, and in his testimony detailed what action he took, assisted by others, to trace and recover the cotton stolen from his yard.

Appellant urges us to hold that the evidence was insufficient to connect him with the commission of the offense complained of. This we cannot do. We are of the opinion a jury question on this point was presented by the evidence all of which was without dispute, none having been offered by the defendant. The testimony disclosed that it rained the night the cotton was stolen, and early next morning wagon tracks, and tracks of two horses, shod all around, were traced from the defendant's home to near where the cotton was taken, and from there to where it was found, and back from there to near defendant's home. This and other evidence, while wholly circumstantial, was sufficient in our opinion to take the case to the jury on the question of the guilt or innocence of this appellant. But few exceptions were reserved to the court's rulings on the evidence. These were without merit. The court delivered a full, fair, and able oral charge to the jury upon every phase of the law covering the issues involved upon the trial of this case. In addition thereto, several written charges were given at the instance of the defendant. The oral charge and given charges were of the same import of the charges refused to defendant and fairly and substantially covered every principle of law contained therein. Where this is true, the court is under no duty to repeat the charge already given, and the refusal of a charge already covered will not put the court in error even if such charge contains a correct statement of the law.

The record is regular and without error. Let the judgment from which this appeal was taken stand affirmed.

Affirmed.